**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHIVA STEIN,<br><br>            Plaintiff,<br><br>   v.<br><br>KENNETH C. ALDRICH, J. CHRIS BREWSTER, GLINDA BRIDGFORTH HODGES, RAJEEV V. DATE, SATURNINO FANLO, WILLIAM I. JACOBS, DAN R. HENRY, JEFFREY B. OSHER, ELLEN RICHEY, GEORGE T. SHAHEEN, and GREEN DOT CORPORATION,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. __:2020-cv-_____-_____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR VIOLATION OF FEDERAL SECURITIES LAWS**

Plaintiff Shiva Stein ("Plaintiff") brings this Complaint for Violation of Federal Securities Laws ("Complaint") against Green Dot Corporation ("Green Dot" or the "Company") and the members of its board of directors (the "Board"), namely: Kenneth C. Aldrich, J. Chris Brewster, Glinda Bridgforth Hodges, Rajeev V. Date, Saturnino Fanlo, William I Jacobs, Dan R. Henry, Jeffrey B. Osher, Ellen Richey, and George T. Shaheen (collectively, the "Director Defendants" and, together with Green Dot, "Defendants"). Plaintiff's allegations are based upon the knowledge of Plaintiff as to herself and upon information and belief, including the investigation conducted by her undersigned attorneys and a review of public information, including news reports and documents filed with the U.S. Securities and Exchange Commission ("SEC"), as to all other matters.

**INTRODUCTION**

1.    Plaintiff, a Green Dot stockholder, brings this action against Defendants in connection with their solicitation of stockholder approval of an amendment and restatement of Green Dot's 2010 Equity Incentive Plan (the "Plan"). If approved, the amendment and

restatement would, among other things, (i) extend the termination date of the Plan to April 27, 2030 and (ii) increase the number of shares of Green Dot Class A common stock authorized for issuance pursuant to the Plan by 4,250,000 shares (the "Plan Proposal").

2. Defendants have solicited stockholder approval of the Plan Proposal through issuance of a proxy statement which Green Dot with the SEC on April 29, 2020 (the "Proxy"), wherein the Board recommends that stockholders vote in favor of the Plan Proposal at the annual meeting of stockholders scheduled to be held on June 9, 2020 (the "Annual Meeting").

3. In the Proxy, the Company claims that "*[a]bstentions* (shares present at the meeting and voted 'abstain') are counted for purposes of determining whether a quorum is present and **have no effect on the outcome of the matters voted upon**." (Proxy at 15 (emphasis added)). In fact, abstentions will count as votes against the Plan Proposal.

4. The Amended and Restated Bylaws of Green Dot Corporation (as adopted on June 4, 2010 and amended on September 22, 2016 and December 14, 2016, "Bylaws") require compliance with applicable exchange rules on voting matters. In turn, New York Stock Exchange Listed Company Manual Section 312.07 ("Section 312.07") provides that the minimum vote that constitutes approval for such purposes is approval by a majority of votes cast – *i.e.*, the number of votes cast in favor of the proposal exceeds the aggregate of votes cast against the proposal plus abstentions.

5. Because the disclosure in the Proxy concerning the treatment of abstentions is at odds with Section 312.07 and, by extension, a controlling provision set forth in the Company's Bylaws, the Proxy is materially false and misleading.

6. Accordingly, Plaintiff brings this action, through which she seeks injunctive relief, to correct the false and misleading disclosures in the Proxy and afford herself and other

stockholders complete and accurate information concerning the required treatment of abstentions with respect to the Plan Proposal before Green Dot stockholders vote thereon.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78aa].

8. Personal jurisdiction exists over each Defendant because each Defendant either conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over each Defendant by this Court permissible under traditional notions of fair play and substantial justice.

9. Venue is proper because many of the acts and conduct complained of herein, including but not limited to dissemination of the Proxy, occurred in this District and Plaintiff resides in this District. 28 U.S.C. § 1391.

10. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

## PARTIES

I. PLAINTIFF

11. Plaintiff is, and has continuously been, a Green Dot stockholder at all relevant times, and is entitled to vote at the Annual Meeting.

II. DEFENDANTS

12. Nominal Defendant Green Dot Corporation is a Delaware corporation which maintains its principal executive offices at 3465 E. Foothill Blvd., Pasadena, California 91107.

13. Defendant Kenneth C. Aldrich has been a Green Dot director since January 2001.

14. Defendant J. Chris Brewster has been a Green Dot director since April 2016.

15. Defendant Glinda Bridgforth Hodges has been a Green Dot director since December 2014.

16. Defendant Rajeev V. Date has been a Green Dot director since April 2016.

17. Defendant Saturnino Fanlo has been a Green Dot director since May 2016.

18. Defendant William I Jacobs has been a Green Dot director since April 2016.

19. Defendant Dan R. Henry has been a Green Dot director since March 2020.

20. Defendant Jeffrey B. Osher has been a Green Dot director since March 2020.

21. Defendant Ellen Richey has been a Green Dot director since April 3, 2020.

22. Defendant George T. Shaheen has been a Green Dot director since September 2013.

## FURTHER SUBSTANTIVE ALLEGATIONS

23. Green Dot is a Delaware corporation which conducted its initial public offering in 2010. In its most recent annual report, Green Dot describes itself as "a financial technology leader and bank holding company with a mission to reinvent banking for the masses."

24. Green Dot issues equity awards pursuant to the Plan, which is set to terminate under its terms on July 21, 2020. In the Proxy, the Board asserts its belief that "amending the 2010 Plan to extend the termination date to April 27, 2030 . . . is critical in enabling [Green Dot] to grant stock awards under the [] Plan as an incentive and retention tool as [the Company] continue[s] to compete for talent." (Proxy at 32).

25. Additionally, Defendants seek to increase by 4,250,000 the number of shares of

Green Dot Class A common stock authorized for issuance pursuant to the Plan. In the Proxy, the Board asserts its belief "that the current share reserve amount is insufficient to meet [Green Dot's] future needs with respect to attracting, motivating and retaining key executives and employees in a competitive market for talent." (*Id.*).

26. Defendants are therefore soliciting approval of the Plan Proposal to both extend the effective life of the Plan and increase the number of shares authorized for issuance under the Plan. In so doing, however, Defendants misstate information material to stockholders considering whether and/or how to vote on the Plan Proposal. Specifically, in the question-and-answer portion of the Proxy, Defendants authorized issuance of the following false and misleading disclosure:

> **How are abstentions and broker non-votes treated?**
>
> Abstentions (shares present at the meeting and voted "abstain") are counted for purposes of determining whether a quorum is present and *have no effect on the outcome of the matters voted upon*.

(Proxy at 15 (italics added)).

Green Dot's Bylaws, however, require compliance with applicable exchange rules on voting matters:

> **Section 1.7: Voting; Proxies**. Each stockholder entitled to vote at a meeting of stockholders may authorize another person or persons to act for such stockholder by proxy. Such a proxy may be prepared, transmitted and delivered in any manner permitted by applicable law. Except as may be required in the Certificate of Incorporation, directors shall be elected by the affirmative vote of the majority of the votes cast (as such vote is defined in Section 2.1 of these Bylaws), unless the election of directors meets both conditions of the proviso to the fifth sentence of Section 2.1, in which case directors shall be elected by a plurality of the votes cast. *Unless otherwise provided by* applicable law, *the rules of any stock exchange upon which the Corporation's securities are listed*, the Certificate of Incorporation or these Bylaws, every matter other than the election of directors shall be decided by a majority of the votes cast for or against the matter.

(Italics added).

27. Section 312.07, in turn, provides that "where any matter requires shareholder

– 5 –

approval, the minimum vote which will constitute shareholder approval for such purposes is defined as approval by a majority of votes cast on a proposal in a proxy bearing on the particular matter." In a clarifying memorandum, the New York Stock Exchange specifically provided that abstentions count as votes cast, but not in favor, of a proposal:

> Section 312.07 of the Listed Company Manual provides that, where shareholder approval is required under NYSE rules, the minimum vote that constitutes approval for such purposes is approval by a majority of votes cast (i.e., the number of votes cast in favor of the proposal exceeds the aggregate of votes cast against the proposal plus abstentions).

NYSE Regulation, "What's New for 2017" (Feb. 1, 2017), available online at: https://www.nyse.com/publicdocs/nyse/regulation/nyse/2017_NYSE_Listed_Company_Complia nce_Guidance_Memo_for_Domestic_Companies.pdf

28. Because abstentions do not count as votes in support of the Plan Proposal under Section 312.07 and, by extension, Bylaw Section 1.7, they unambiguously do not "have no effect on the outcome of" the Plan Proposal. Correct disclosure of the treatment and effect of abstentions is required under federal law. *See* Schedule 14A, 17 C.F.R. § 240.14a-101 (Item 21(b)) ("As to each matter which is to be submitted to a vote of security holders . . . [d]isclose the method by which votes will be counted, including the treatment and effect of abstentions and broker non-votes under applicable state law as well as registrant charter and by-law provisions.").

29. The Proxy is therefore false and misleading, and Defendants omission of the correct treatment of abstentions is material information that must be disclosed to Green Dot stockholders so that they may cast a fully informed vote on the Plan Proposal.

## CLAIMS FOR RELIEF

### COUNT I
Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder
(*against All Defendants*)

30. Plaintiff realleges each allegation pleaded above.

31.     The Director Defendants disseminated the false and misleading Proxy, which contained a statement that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which it was made, improperly disclosed the correct treatment of abstentions with respect to the Plan Proposal. Green Dot is liable as the issuer of these statements.

32.     The Proxy was prepared, reviewed, and/or disseminated by the Director Defendants, who were aware of the information set forth therein.  By virtue of their positions within the Company, the Director Defendants had a duty to disclose accurate information in the Proxy.

33.     The Director Defendants were at least negligent in filing the Proxy with the materially false and misleading statement concerning the treatment of abstentions.

34.     The omission of the correct treatment of abstentions and inclusion of the incorrect treatment of abstentions in the Proxy are material in that a reasonable stockholder would consider them important in deciding how to vote (or not vote) on the Plan Proposal.  In addition, a reasonable investor would view full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and other information reasonably available to stockholders.

35.     The Proxy is an essential link in causing Plaintiff and the Company's stockholders to vote to approve the Plan Proposal as recommended by the Board.

36.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

37.     Because of the false and misleading statement in and omission of the correct standard for accounting for abstentions from the Proxy, Plaintiff and the stockholders are

threatened with irreparable harm.

## COUNT II
## BREACH OF FIDUCIARY DUTY
(*against the Director Defendants*)

38. Plaintiff realleges each allegation pleaded above.

39. The Director Defendants owe fiduciary duties to Green Dot stockholders, including the duties of care, disclosure, good faith, and loyalty.

40. By virtue of their positions as directors of Green Dot and/or their exercise of control and ownership over the business and corporate affairs of the Company, the Director Defendants have, and at all relevant times during their respective tenures on the Board had, the power to control and influence and did control and influence and cause the Company to engage in the practices complained of herein. Each Director Defendant was required to cause the Company to comply with applicable law when issuing disclosures in the Proxy.

41. The Director Defendants breached their fiduciary duties by issuing the Proxy, which contains the materially false statement concerning treatment of abstentions and omission of the correct standard for accounting for abstentions, thereby denying Plaintiff and Green Dot stockholders full and accurate information about the Plan Proposal.

42. As a result of these actions of the Director Defendants, Plaintiff and the stockholders have been and will be injured.

43. Plaintiff has no adequate remedy at law.

## COUNT III
## DECLARATORY RELIEF
*(against All Defendants)*

44. Plaintiff incorporates by reference and realleges each allegation set forth above.

45. The facts and circumstances pleaded herein have given rise to an actual

controversy which currently exists between Plaintiff, on one hand, and Defendants, on the other hand, concerning their respective rights and duties.

46. By improperly disclosing that abstentions would have no effect on the Plan Proposal and failing to disclose that abstentions would in fact effectively be treated as votes against the Plan Proposal, Defendants have denied Plaintiff and Green Dot stockholders full and accurate disclosure of information material to their vote on the Plan Proposal.

47. Plaintiff desires a judicial determination and declaration that the Proxy is therefore false and misleading and omits material information.

48. A judicial declaration is necessary and appropriate at this time under the circumstances so that Plaintiff and the stockholders will receive full and accurate disclosures concerning the Plan Proposal prior to the stockholder vote set to take place at the Annual Meeting.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of an order:

A. Declaring that the description of the treatment of abstentions set forth in the Proxy is false and misleading;

B. Enjoining the stockholder vote on the Plan Proposal until such time as Defendants have corrected the statements in the Proxy concerning treatment of abstentions and otherwise made full disclosure of all information material to stockholders' vote on the Plan Proposal;

C. Finding the Director Defendants liable for breaching their fiduciary duties;

D. Awarding Plaintiff the costs and disbursements of this action, including attorneys', accountants', and experts' fees; and

E. Awarding such other and further relief as is just and equitable.

Dated: May 18, 2020　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**WOLF HALDENSTEIN ADLER FREEMAN &
　　　　　　　　　　　　　　　　　　　　　　　HERZ LLP**

OF COUNSEL:　　　　　　　　　　　　　　By: /s *Gloria Kui Melwani*
　　　　　　　　　　　　　　　　　　　　　　Gloria Kui Melwani
**FIELDS KUPKA & SHUKUROV LLP**　　　　Benjamin Y. Kaufman
William J. Fields (wfields@fksfirm.com)　　　270 Madison Avenue
Christopher J. Kupka (ckupka@fksfirm.com)　New York, NY 10016
Samir Shukurov (sshukurov@fksfirm.com)　　(T) 212 545-4600
1370 Broadway, 5th Floor – #5100　　　　　(F) 212-686-0114
New York, New York 10018　　　　　　　　melwani@whafh.com
(T) 212.231.1500　　　　　　　　　　　　　Kaufman@whafh.com
(F) 646.851.0076

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*